**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| MILLENNIUM ANTON<br>CHRISTOPHER WOODS, JR., | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| | § | |
| v. | § | Civil Action No. 4:26-cv-0049-O-BP |
| | § | |
| TARRANT COUNTY DEMOCRATIC<br>PARTY, *et al.*, | §<br>§<br>§ | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

By Order dated February 4, 2026, the Court granted *pro se* Plaintiff Millennium Anton Christopher Woods, Jr. leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. ECF No. 9. The Order withheld service of process until the Court completed judicial screening under 28 U.S.C. § 1915(e)(2). *Id.* After considering the complaint and applicable legal authorities, the undersigned recommends that Chief United States District Judge Reed O'Connor **DISMISS** the complaint without prejudice.

**I.      BACKGROUND**

Woods sues the Tarrant County Democratic Party ("TCDP"), the Tarrant County Republican Party ("TCRP"), and ten unknown individuals he names as John/Jane Does. ECF No. 1 at 3. He alleges Defendants "initiated or supported widespread challenges to the eligibility of candidates" based on "hyper-technical grounds" such as clerical omissions and formatting inconsistencies. *Id.* at 4. Woods argues Defendants unlawfully invalidated voter signatures and deprived candidates of the right to cure alleged deficiencies. *Id.* at 5. He argues these actions

constitute violations of the Due Process and Equal Protection clauses of the Fourteenth Amendment. *Id.* at 5-7.

Woods asks the Court to declare that the ballot challenges violate the Equal Protection and Due Process clauses of the Fourteenth Amendment, enjoin Defendants from continuing to enforce ballot challenges, order Defendants to implement constitutionally compliant ballot access procedures, and award Woods costs. ECF No. 1 at 8. Although he asserts claims against ten unidentified persons, he pleads no facts that would support judgment against any person.

## II.    LEGAL STANDARDS

### A.    Title 28 U.S.C. § 1915

When a plaintiff proceeds *in forma pauperis*, § 1915(e)(2)(B) authorizes the Court to screen the plaintiff's case to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant that is immune from such a claim. 28 U.S.C. § 1915(e)(2)(B)(i-ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). And to state a claim upon which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### B.    Standing

The Court must address standing before evaluating any argument on the merits or any attack on the pleadings' sufficiency. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559-60 (1992);

2

*United States v. Rodriguez*, 33 F.4th 807, 811 (5th Cir. 2022) ("Standing is a matter of jurisdiction, and courts must assess their jurisdiction before turning to the merits."). The Court first considers whether Plaintiffs have standing to bring their claims. A plaintiff in federal court must have standing before the court can exercise subject matter jurisdiction. *Arbraugh v. Altimus*, 26 F.4th 298, 303 (5th Cir. 2002) (emphasis added). In ruling on motions to dismiss, the court is free to weigh evidence and satisfy itself that subject matter jurisdiction exists. Fed. R. Civ. P. 12(b)(l). "Article III's case-or-controversy requirement imposes an 'irreducible constitutional minimum of standing.'" *Yarls v. Bunton*, 905 F.3d 905, 909 (5th Cir. 2018) (quoting *Lujan*, 504 U.S. 555, 560-561 (1992). To satisfy Article III standing, a plaintiff must show: (1) injury in fact; (2) causation; and (3) redressability. U.S. Const. art. 3, § 2, cl. 1; *Bennett v. Spear*, 520 U.S. 154, 167 (1997).

To show injury in fact, a plaintiff must "implicate 'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'" *Gabriel v. Outlaw*, No. 3:20-cv-60-K-BK, 2002 WL 617628, * 1 (N.D. Tex. Feb. 14, 2022) (quoting *Lujan*, 504 U.S. at 560 (internal quotations and citations omitted)). Next, the causation prong requires the injury to be "fairly traceable to the defendant's allegedly unlawful conduct." *Nat'l Park Hosp. Ass 'n v. Dept. of Interior*, 538 U.S. 803 (2003) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). Finally, "redressability requires that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561. Notably, "the party invoking federal subject matter jurisdiction bears the burden of establishing each element [of the standing requirement]." *Id*. (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161 (quoting *Menchaca v. Chrysler*

*Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). "[D]ismissals based on jurisdictional issues must, by their very nature, be without prejudice . . . [t]his is especially true when dismissal is for lack of standing, as litigants may later demonstrate standing." *Devins v. Armstrong*, 167 F.4th 247, 253-254 (5th Cir. 2026).

### C.    Mootness

Federal courts are courts of limited jurisdiction and can only consider "actual ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "If a dispute has been resolved or if it has evanesced because of changed circumstances . . . it is considered moot." *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988). The Court lacks subject matter jurisdiction over a moot controversy. *Carr v. Saucier*, 582 F.2d 14 (5th Cir. 1978). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990)).

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). Simply put, the "mootness doctrine requires that the controversy posed by the plaintiff's complaint be 'live' not only at the time the plaintiff files the complaint but also throughout the litigation process." *Rocky v. King*, 900 F.2d 864, 866 (5th Cir. 1990). "[A]n actual, live controversy must remain at all stages of federal court proceedings, both at the trial and appellate levels. That is, the requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *United States v. Lares-Meraz,* 452 F.3d 352, 354 (5th Cir. 2006) (*per curiam*) (*citing de la O v. Housing Auth. of City of El Paso*, 417 F.3d 495, 499

4

(5th Cir. 2005)). A court dismissing for mootness should do so without prejudice. *Salcido v. Wilson*, No. 21-11029, 2022 WL 1564188, at *1 (5th Cir. 2022).

### D.    *Pro se* **standard**

The Court subjects a *pro se* party's pleadings to less rigid analysis than those of a party represented by counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "even a liberally-construed *pro se . . .* complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

The liberal construction of *pro se* pleadings stems from a "well-established policy that [plaintiffs] be given every opportunity to state a claim." *Ramming*, 281 F.3d at 161 (citing *Hitt*, 561 F.2d at 608). It is federal policy to decide cases on the merits rather than technicalities, and thus whenever possible the Fifth Circuit recommends that suits be dismissed without prejudice on Rule 12 motions. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Id.* However, a complaint may be dismissed with prejudice, thus foreclosing that opportunity, whenever amendment of the pleadings would be futile. *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016).

### III.    ANALYSIS

#### A.    Woods' case is moot.

Woods claims Defendants interfered with his participation in the Texas primary elections that occurred on March 3, 2026. But "[t]he issues [Woods] present[s] are no longer 'live,'" because the violations he alleges occurred in the past, during primary elections that are now complete. *Already,* LLC, 568 U.S. at 91. Woods does not show how the controversy he poses was live either at the time he filed his complaint or today. *Rocky*, 900 F.2d at 866. Therefore, no live controversy remains at this stage of the litigation. *Lares-Meraz,* 452 F.3d at 354. This reasoning applies equally to all Defendants because the alleged actions of the TCDP, the TCRP, and the ten unknown individuals he names as John/Jane Does all occurred in relation to the primary election that already has occurred.

"The Supreme Court has recognized a handful of exceptions to mootness that apply in 'exceptional situations.'" *Shemwell v. City of McKinney, Tex.*, 63 F.4th 480, 484 (5th Cir. 2023) (citing *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)). Claims relating to an election that has already occurred "often fall within an exception to the mootness doctrine for the class of controversies capable of repetition, yet evading review." *Faas v. Cascos*, 225 F. Supp. 3d 604, 609 (S.D. Tex. 2016) (citing *Kucinich v. Texas Democratic Party*, 563 F.3d 161, 164 (5th Cir. 2009).

This exception "applies when (1) 'the challenged action is in its duration too short to be fully litigated prior to cessation or expiration' and (2) 'there is a reasonable expectation that the same complaining party will be subject to the same action again.'" *Shemwell*, 63 F.4th at 484 (citing *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170, (2016). A "[p]laintiff[] must prove both to overcome mootness.  If a court finds that plaintiff failed to meet [his] burden under

either prong, it need not address the other." *Id.* (citing *Libertarian Party v. Dardenne*, 595 F.3d 215, 217 (5th Cir. 2010); *Empower Texans, Inc. v. Geren*, 977 F.3d 367 (5th Cir. 2020)).

Here, Woods does not offer facts to show that there is a reasonable expectation he will be subject to the same allegedly unlawful actions again. He does not allege that he intends to run for office again, or that there is a reasonable expectation Defendants will participate in the same allegedly unlawful actions in future elections. Because Woods does not prove the second prong, the Court need not analyze the first requirement of the capable of repetition, yet evading review exception to mootness. *Shemwell*, 63 F.4th at 484. The Court should dismiss Woods' case without prejudice because it is moot, and he does not plead facts or discuss legal authorities to show that any exception to mootness should apply. His case is moot as to all Defendants, and therefore the Court should dismiss the claims against all Defendants in his complaint.

**B.    Woods also lacks standing over his claims against the TCRP.**

Woods does not meet his burden to establish that each element of standing exists as to his claims against the TCRP. He sues the TCRP because it allegedly supported widespread challenges to the eligibility of candidates, which resulted in the "mass invalidation of voter signatures without any meaningful opportunity for candidates to cure or correct alleged deficiencies." ECF No. 1 at 4-5. Woods claims only in conclusory fashion that he was harmed as both a candidate and voter and that his injuries were concrete, particularized, and ongoing. *Id.* at 7-8. However, Woods ran as a candidate in the 2026 Democratic primary, and he does not explain how the TCRP was involved in any of the violations he claims related to that primary. *See* Municipal Elections in Tarrant County, Texas (2026), BALLOTPEDIA, https://ballotpedia.org/Municipal_elections_in_ Tarrant_County,_Texas_ (2026) (last visited Apr. 23, 2026).

Woods also does not explain how the TCRP invaded a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. *Gabriel*, 2002 WL 617628, * 1. And he does not show how any potential invasion of a legally protected interest was fairly traceable to the TCRP's conduct or how the injury will be redressed by a favorable decision.

Instead, Woods relies on conclusory statements that constitutional violations occurred. This is insufficient. As "the party invoking federal subject matter jurisdiction [Woods] bears the burden of establishing each element [of the standing requirement]." *Lujan*, 504 U.S. at 561. He has not done so. Accordingly, the Court should also dismiss his claim against the TCRP without prejudice because Article III standing is a fundamental requirement of the Court's subject matter jurisdiction and without it, dismissal is appropriate. *See Lujan*, 504 U.S. at 559-60; *Rodriguez*, 33 F.4th at 811.

## IV.    CONCLUSION

After completing judicial screening under 28 U.S.C. § 1915(e)(2), the undersigned recommends that Chief Judge O'Connor **DISMISS** the complaint without prejudice because Woods' claims are moot, and he lacks standing over his claim against the TCRP.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates

8

by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

     **SIGNED** on April 23, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE